■ RICHARD BRAUN, Respondent, v FISCHBACH AND MOORE, INCORPORATED, Appellant. (And a Third-Party Action.) [721 NYS2d 79] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 17, 1999, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6).

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the plaintiff's Labor Law § 200 cause of action, and substituting therefor a provision granting

that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant, the general contractor, contracted with M-Track Enterprises, Inc. (hereinafter M-Track), to perform a project for the New York City Transit Authority (hereinafter the NYCTA). The plaintiff was working for M-Track and was instructed to install steel beams to the tracks of an above-ground subway line in Brooklyn. To perform the job, M-Track paid the NYCTA for the use of a work train which included flat-bed cars, a crane, a train operator, and a crane operator. While the train was heading toward the Ocean Parkway subway station, the boom of the crane appeared to be improperly raised and it collided with a support beam near the entrance of the station. This caused the crane to become dislodged from the turntable and pushed onto the flat-bed car where the plaintiff was standing. The turret of the crane pushed steel beams, grates, and railroad ties on top of the plaintiff, resulting in injuries. The defendant claims that it should have been awarded summary judgment dismissing the plaintiff's causes of action pursuant to Labor Law §§ 200 and 241 (6).

To be liable under Labor Law § 200, the owner or general contractor must have the authority to control the activity which brings about the injury, to enable it to avoid or correct the unsafe condition (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343; *Russin v Picciano & Son,* 54 NY2d 311). Here, in response to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to present sufficient evidence to raise a triable issue of fact with regard to the defendant's actual or constructive notice of the hazard which caused the injury, or that the defendant maintained the requisite supervision or control over the activity which caused the injury. Although the defendant assumed some general supervisory duties over the project, those duties did not rise to the level of supervision or control necessary to hold it liable under Labor Law § 200 for the plaintiff's injuries (*see, Loiacono v McGovern,* 270 AD2d 464; *Martin v Paisner,* 253 AD2d 796).

With regard to the plaintiff's claim under Labor Law § 241 (6), the Supreme Court correctly denied that branch of the defendant's motion which was for summary judgment on that issue. In his bill of particulars and supplemental bill of particulars, the plaintiff alleged that the defendant violated Industrial Code (12 NYCRR) § 23-8.2. That provision states, in pertinent part, that "[a] mobile crane, with or without load, shall not travel with the boom so high that it may bounce back

over the cab" (12 NYCRR 23-8.2 [d] [3]). There is a question of fact as to whether the defendant violated this section of the Industrial Code (*see, Rizzuto v Wenger Contr. Co., supra*; *Rosemin v Oved,* 254 AD2d 343). Santucci, J. P., S. Miller, Florio and Schmidt, JJ., concur.