■ WLADYSLAW MAS, Also Known as JACEK WOZOWICZ, Appellant, v ANDREW KOHEN et al., Defendants and Third-Party Plaintiffs-Respondents. WONDER WORKS CONSTRUCTION CORP., Third-Party Defendant-Respondent. [725 NYS2d 90] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated April 25, 2000, as granted those branches of the motion of the defendants and the separate motion of the third-party defendant which were for summary judgment dismissing so much of the complaint as sought to recover damages for violation of Labor Law § 200 and for common-law negligence.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff, a carpenter employed by the third-party defendant, allegedly was injured while working on a project to renovate a Brooklyn office building. On the day of the accident, the plaintiff was unloading a delivery of metal doors onto a dolly and bringing them into the building. On the plaintiff's sixth trip into the building with a load of doors, one of the wheels of the dolly became lodged in a hole in the floor. The dolly tilted and the doors slid off, hitting the plaintiff in his leg. The plaintiff was aware that holes had been dug in the floor by

electricians and plumbers engaged in the project, and he had managed to maneuver around the holes on his prior trips. The plaintiff commenced this action against the defendants, who were the owners of the building, to recover damages for his alleged injuries.

The plaintiff contends that the Supreme Court erred in granting those branches of the motion of the defendants and the separate motion of the third-party defendant which were for summary judgment dismissing so much of the complaint as sought to recover damages for violation of Labor Law § 200 and for common-law negligence. We disagree. Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide a safe workplace (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876). To be held liable under Labor Law § 200, the owner or general contractor must have the authority to control the activity which brings about the injury, to enable the owner or general contractor to avoid or correct the unsafe condition (*see, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343; *Braun v Fischbach & Moore*, 280 AD2d 506; *Rose v A. Servidone, Inc.*, 268 AD2d 516). "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp., supra*, at 877). The defendants and third-party defendant established that the defendants did not direct or control the plaintiff's work in unloading the doors and bringing them into the building, and exercised no supervisory control over plumbing and electrical subcontractors who allegedly created the unsafe condition. In opposition to this prima facie showing of entitlement to judgment as a matter of law, the plaintiff submitted evidence indicating that one of the defendants exercised some general supervisory duties on the project. That conduct, however, did not rise to the level of supervision or control necessary to hold the defendants liable for the plaintiff's injuries (*see, Braun v Fischbach & Moore, supra; Cuartas v Kourkoumelis*, 265 AD2d 293; *Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464). O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.