■ Lisa Singleton, Respondent-Appellant, v Citnalta Construction Corporation, Appellant-Respondent, Brooklyn Welding Corp., Respondent, et al., Defendants. [737 NYS2d 630] —In an action to recover damages for personal injuries, the defendant Citnalta Construction Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), entered March 12, 2001, as denied that branch of its motion which was for summary judgment dismissing the plaintiff's cause of action under Labor Law § 200 insofar as asserted against it, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of Citnalta Construction Corporation which was for summary judgment dismissing the cause of action under Labor Law § 241 (6) insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, that branch of the motion which was for summary judgment dismissing the plaintiff's cause of action under Labor Law § 200 insofar as asserted against the defendant Citnalta Construction Corporation is granted, the complaint and all cross claims are dismissed insofar as asserted against it, and the action against the remaining defendants is severed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that Citnalta Construction Corporation is awarded one bill of costs payable by the plaintiff and the defendant Brooklyn Welding Corp.

The plaintiff, an employee of the New York City Transit

Authority, was injured when a piece of equipment known as a roustabout, which was being used in connection with a subway station renovation project, allegedly hit her and caused her to fall. The roustabout is a machine which is used to lift iron or steel beams. The general contractor for the subway project was the defendant Citnalta Construction Corporation (hereinafter Citnalta). The roustabout was owned by the defendant, Brooklyn Welding Corp., and operated by its employees.

Contrary to the Supreme Court's conclusion, Citnalta was entitled to summary judgment dismissing the cause of action predicated upon Labor Law § 200 insofar as asserted against it. To be liable under Labor Law § 200, a general contractor must have the authority to control the activity bringing about the injury to enable it to avoid or correct the unsafe condition (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343; *Lombardi v Stout,* 80 NY2d 290, 294; *Giambalvo v Chemical Bank,* 260 AD2d 432). Here, in response to Citnalta's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to demonstrate that Citnalta had notice of the alleged defect which precipitated the injury or that it maintained the requisite supervision or control over the activity which caused the injury. Although Citnalta had general supervisory duties with respect to this project, those responsibilities did not rise to the level of supervision or control necessary to impose liability under Labor Law § 200 (*see, Braun v Fischbach & Moore,* 280 AD2d 506; *Loiacono v Lehrer, McGovern, Bovis,* 270 AD2d 464; *Martin v Paisner,* 253 AD2d 796).

The Supreme Court correctly dismissed the plaintiff's cause of action under Labor Law § 241 (6). For a general contractor to be liable under Labor Law § 241 (6), a plaintiff is required to establish a breach of a rule or regulation of the Industrial Code which gives a specific, positive command (*see, Rizzuto v Wenger Contr. Co., supra; Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Vernieri v Empire Realty Co.,* 219 AD2d 593). In addition, even if the alleged breach is of a specific Industrial Code rule, that rule must be applicable to the facts of the case (*see, Thompson v Ludovico,* 246 AD2d 642; *Vernieri v Empire Realty Co., supra*). Here the Industrial Code sections relied upon by the plaintiff are either inapplicable to the subject accident or are not specific enough to support a cause of action under Labor Law § 241 (6). Santucci, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.