*136 OPINION OF THE COURT
Jack M. Battaglia, J.
On this motion for summary judgment, the court must determine whether supervisory control is an essential element of an injured worker’s claim under Labor Law § 200, when the injury allegedly was caused by a dangerous condition inherent in the premises and not by any contractor’s method of work. The court concludes that a claim against the owner of the premises is stated on the basis of the owner’s actual or constructive notice of the injury-producing condition, whether or not the owner retains or exercises supervisory control over the work. A claim based upon notice may also be stated against a contractor, but only when the contractor has sufficient authority to correct the condition or to take steps to ensure that workers avoid the danger.
Plaintiff alleges that he was working on premises owned by defendant Fulton Corners Inc., removing ceiling tiles that contained asbestos from a drop ceiling, when a metal plate weighing approximately 40 pounds fell from above him, struck him on the head, and knocked him to a platform on which he was standing. (See affirmation in opposition jf 2.) Plaintiff also asserted claims against the general contractor on the demolition project, defendant Bianco C. Pepe, Inc., and another contractor, Garito Contracting Inc. A motion for summary judgment by Garito Contracting was granted “on default” by the Honorable Martin M. Solomon in a decision and order dated December 17, 2001.
In his verified bill of particulars, plaintiff maintained that the remaining defendants were liable for his injuries pursuant to Labor Law §§ 200, 240 and 241 (6). (See verified bill of particulars, attached as exhibit M to affirmation in support.) However, plaintiff now concedes that the claim under Labor Law § 240 is not viable. (See affirmation in opposition 5; see also Narducci v Manhasset Bay Assoc., 96 NY2d 259 [2001].) And at oral argument on this motion, defendants conceded that triable issues of fact exist with respect to plaintiff’s claim pursuant to Labor Law § 241 (6). This motion is limited, therefore, to whether defendants are entitled to summary judgment on plaintiffs claim pursuant to Labor Law § 200.
On a motion for summary judgment, the movant has the initial burden of establishing prima facie, with evidence in admissible form, that it is entitled to judgment as a matter of law; the burden then shifts to the nonmoving party to demon *137 strate the existence of a triable issue of fact. (Jovee Contr. Corp. v AIA Envtl. Corp., 283 AD2d 398, 400 [2d Dept 2001]; Star Video Entertainment v J & I Video Distrib., 268 AD2d 423, 423 [2d Dept 2000].)
Relying upon deposition testimony of plaintiff and deposition testimony of Nicholas Pepe on behalf of the owner, Fulton Corners, defendants have shown that they did not direct or control the asbestos abatement work that was contracted to plaintiffs employer, Asbestos Corporation of America. (See mem of law at 13-14.) They argue that liability cannot be imposed on them under Labor Law § 200 or at common law because they “did not supervise or control the activity which brought about plaintiffs injury.” (Id. at 15, 15-18.) Defendants make no showing as to notice of the injury-producing condition, except to state that “[i]t is undisputed that [no one] made or heard of any complaints regarding the falling of metal tiles from the ceiling.” (Id. at 17.)
If defendants are correct that supervisory control is an essential element of plaintiffs claim against them under Labor Law § 200, then they will have established prima facie that they are entitled to judgment as a matter of law, and the burden will shift to plaintiff to demonstrate a triable issue.
Plaintiff makes no showing that either defendant Fulton Corners or defendant Bianco C. Pepe exercised supervisory control over the asbestos removed or any other aspect of the demolition. Plaintiff argues that “ [supervision and control over the method of work is only required [where] it is the method of work and/or manner in which the activity is being performed that creates the dangerous work place”; but “|h]ere there is no claim that the dangerous condition was created by the manner in which the asbestos abatement was performed”; “[t]he dangerous condition complained of was a latent defect created by or at the request of the properties [sic] owner * * * when the original structure was built.” (Affirmation in opposition 38-39.)
In order to assess the sufficiency of defendants’ showing in the first instance, the court must determine the significance of supervisory control, and its lack, to the liability of an owner and general contractor for workplace injury.
“Section 200 of the Labor Law merely codified the common-law duty imposed upon an owner or general contractor to provide construction site workmen with a safe place to work * * * An implicit precondition to this duty to provide a safe place to *138 work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition * * * (Russin v Picciano & Son, 54 NY2d 311, 316-317 [1981].)
Focusing first on the owner, “[w]here the alleged defect or dangerous condition arises from the contractor’s methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200.” (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993].) It is not enough that the owner have “notice of the allegedly unsafe manner in which the work was performed.” (Id. at 878.) Cases articulating the requirement for supervisory control also note that there was no dangerous condition on the premises that contributed to causing the accident. (See id. at 877; Lombardi v Stout, 80 NY2d 290, 295 [1992]; Cuartas v Kourkoumelis, 265 AD2d 293, 294 [2d Dept 1999].)
Where, however, “the injuries [are] the result of the allegedly defective condition at the worksite, [and] not the manner in which the work was being performed,” it is not necessary that the owner have “exercised supervision and control over the work being performed.” (Shipkoski v Watch Case Factory Assoc., 292 AD2d 589, 590 [2d Dept 2002].) The owner will be liable “for injuries allegedly suffered by a worker due to a defective condition on its premises if it had actual or constructive notice of the condition.” (Id., quoting Lara v Saint John’s Univ., 289 AD2d 457, 457 [2d Dept 2001]; see also Rosenberg v Eternal Memorials, 291 AD2d 391, 392 [2d Dept 2002]; Segarra v All Boroughs Demolition & Removal, 284 AD2d 321, 322 [2d Dept 2001] [“There is a question * * * as to the property owners’ responsibility for the structural condition that allegedly caused the accident”]; Roppolo v Mitsubishi Motor Sales of Am., 278 AD2d 149, 150 [1st Dept 2000]; Sponholz v Benderson Prop. Dev., 273 AD2d 791, 793 [4th Dept 2000]; Dorr v General Elec. Co., 235 AD2d 883, 884 [3d Dept 1997].)
There will be cases, undoubtedly, in which the dangerous condition arises from a contractor’s methods, but also may be said to inhere in the premises. And so, when a worker was injured because of a hole in the floor dug by one of the contractors, and the owners established that they “did not direct or control the plaintiffs work * * * and exercised no supervisory control over plumbing and electrical contractors who allegedly created the unsafe condition,” the owners established their *139 entitlement to judgment. (Mas v Kohen, 283 AD2d 616, 617 [2d Dept 2001].)
The owner’s duty to protect workers from dangerous conditions in the premises of which the owner has notice is consistent with the duty that the owner owes generally to persons lawfully on the premises. (See, e.g., Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 646 [1996].) Ownership itself generally provides the “authority * * * to avoid or correct an unsafe condition” (Russin, 54 NY2d at 317, supra), and the duty.
That authority may also be a requirement for the liability of a contractor for a worker’s injury, including a general contractor. (See Rizzuto v Wenger Contr. Co., 91 NY2d 343, 352-353 [1998].) Where the danger arises from another contractor’s methods, the general contractor must have the “authority to insist that proper safety practices be followed.” (Everitt v Nozkowski, 285 AD2d 442, 443-444 [2d Dept 2001].) Moreover, in “methods” cases at least, it appears that “authority” alone may not be enough. “[R]ecovery for breach of the common-law duty of care, as embodied in Labor Law § 200 (1), could be had only if the injured employee could demonstrate that the named defendant had a direct hand, through either control or supervision, in the injury-producing work.” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 504 [1993].) Thus, “promises [of supervision] are not in themselves sufficient”; there must be evidence that the contractor “did exercise actual supervision or control.” (Id. at 506.)
The opinions speak variously of authority and supervisory control, and are not consistent on the latter. And so, in the Second Department, one opinion may speak of “supervisory control over the * * * work” (Sorisi v Nineteen N.Y. Props., 264 AD2d 835, 835 [2d Dept 1999]); while another speaks of “supervision and control over the work” (Cuartas v Kourkoumelis, 265 AD2d 293, 293 [2d Dept 1999] [emphasis added]); while yet another speaks of “supervision or control over the work” (Owen v Commercial Sites, 284 AD2d 315, 315 [2d Dept 2001] [emphasis added]).
To further complicate the question, or perhaps to render it immaterial in many cases, the existence of authority may be the basis for an inference of actual supervision (see Ross, 81 NY2d at 506, supra), and actual supervision may be a basis for a finding of authority (see Everitt v Nozkowski, 285 AD2d 442, 444 [2d Dept 2001]).
Contractors have been found to lack the requisite authority when they were not in privity with the injured plaintiff’s *140 employer or with the contractor who was responsible for creating the dangerous condition. (See Russin, 54 NY2d 311, supra; Paone v Westwood Vil., 178 AD2d 518 [2d Dept 1991]; Nowak v Smith & Mahoney, 110 AD2d 288 [3d Dept 1985].) Even with privity, contractors have been found to lack authority when the plaintiffs employer was the owner of the site, if the terms of the contract with the owner negated authority (see Yong Ju Kim v Herbert Constr. Co., 275 AD2d 709, 712 [2d Dept 2000]), or if the contractor had only “general supervisory duties” (see Singleton v Citnalta Constr. Corp., 291 AD2d 393, 394 [2d Dept 2002]; see also Petito v Verrazano Contr. Co., 283 AD2d 472, 473-474 [2d Dept 2001]).
Nonetheless, courts seem more likely to find the requisite authority when there is privity with the injured plaintiffs employer. (See Rizzuto, 91 NY2d 343, supra; Everitt, 285 AD2d 442, supra; but see Braun v Fischbach & Moore, 280 AD2d 506 [2d Dept 2001]; Decotes v Merritt Meridian Corp., 245 AD2d 864 [3d Dept 1997].) The terms of the contracts between the contractor and the owner and between the contractor and the plaintiffs employer are highly important, so that summary judgment will be premature when they have not been examined. (See Ross, 81 NY2d at 506, supra.)
But is authority necessary if the contractor is shown to have had notice of the danger? There are recent Second Department decisions, in cases in which the injury was caused by a contractor’s methods, where the plaintiff suffered summary judgment because the “plaintiff failed to present sufficient evidence to raise a triable issue of fact with regard to the [general contractor’s] actual or constructive notice of the hazard which caused the injury, or that the [general contractor] maintained the requisite supervision or control over the activity which caused the injury.” (Braun, 280 AD2d at 507, supra; see also Singleton, 291 AD2d at 394, supra.) It is not clear from these statements whether supervisory control and notice are alternative bases for liability or whether they are both required.
But in Yong Ju Kim v Herbert Constr. Co. (275 AD2d 709, supra), the Court stated that the statutory and common-law duty to protect workers “applies to owners, contractors, or théir agents * * * who exercise control or supervision over the work, or either created [sic] the allegedly dangerous condition or had [sic] actual or constructive notice of it.” (Id. at 712.) The suggestion is clearly of alternative bases of liability. That case involved a condition that might be said to inhere in the premises, that is, exposed electrical wires, but that may or *141 may not have been created by one of the contractors. The Court sustained summary judgment in favor of the “construction manager” in part because the contract between the owners and the manager “specifically stated that [the manager] would not be responsible for the construction methods and procedures employed by contractors.” (Id.; see also Fenton v Monotype Sys., 289 AD2d 194, 194 [2d Dept 2001].)
In a case somewhat factually similar to this one, the Third Department denied summary judgment to a general contractor and the owner, where the employee of an asbestos removal subcontractor was injured, allegedly because the shovel he was using came into contact with an exposed electrical wire. (See Johnson v Packaging Corp. of Am., 274 AD2d 627 [3d Dept 2000].) The general contractor contended that it was entitled to summary judgment “because there [was] no evidence that it controlled or supervised plaintiffs work.” (Id. at 629.) But the Court rejected the contention: “Although no liability will attach * * * where an alleged dangerous condition arises from the method or manner of work and there is no showing of supervisory control over same by the party charged * * * , here the dangerous condition alleged to have caused plaintiffs fall was the presence of live electrical wires on the work site itself.” (Id.) Factual questions existed as to whether the contractor and owner “had actual or constructive notice of a dangerous condition at the work site, i.e., exposed electrical wires, yet took no steps to insure a safe work environment.” (Id.)
Other courts have articulated similar distinctions. And so, where the plaintiff alleges that “the accident occurred as a result of a dangerous condition on the premises, * * * whether the defendants supervised or controlled plaintiffs work is irrelevant.” (Perry v City of Syracuse Indus. Dev. Agency, 283 AD2d 1017, 1017 [4th Dept 2001]; see also Reisch v Amadori Constr. Co., 273 AD2d 855, 857 [4th Dept 2000]; Darcy v Olympic & York Rand Co., 2002 NY Slip Op 40023[U], *10 [Sup Ct, Queens County].)
As noted, distinguishing between those dangerous conditions that arise from a contractor’s methods and those that inhere in the premises is not always easy. In this case, however, the task is not difficult; the strong inference from the evidence presented on the motion is that the condition existed before any demolition work began, and was not created by any of the contractors or the result of work methods.
In such a case at least, the opinions would allow liability to be imposed on the contractor who had actual or constructive *142 notice of the dangerous condition, whether or not the contractor exercised supervisory control over the plaintiffs work or any other work on the premises. (By definition, such a condition would not have been “created” by the contractors.) It does not follow, however, that notice alone will establish liability, for it is difficult to see a duty on the part of the contractor if there is no authority. (See Petito, 283 AD2d at 473-474, supra [implicitly relating authority to duty].)
Unlike an owner, a contractor cannot be presumed to have “authority to * * * correct unsafe conditions” on the premises. (Russia, 54 NY2d at 317, supra.) However, a general contractor at least might well have the “authority to * * * avoid * * * an unsafe condition.” (Id.) Little authority is required to warn others of a danger of which one has notice, but failure to warn has not appeared prominently in the workplace injury cases. In any event, sufficient authority will be found when the contractor has the ability to keep the workers out of harm’s way. (See Rizzuto, 91 NY2d at 352-353, supra.)
Summing up, in a case like this, where the injury-producing condition inheres in the premises and has not been created by a contractor, an owner’s liability will be established upon a showing that the owner had actual or constructive notice of the condition and the danger it presented, but failed to use reasonable care to correct the condition or otherwise avoid the danger. A contractor’s liability, however, will require a further showing that the contractor possessed the authority to either correct the condition or to take steps to ensure that workers avoided the danger.
Returning to defendants’ showing on this motion, there is no contention that plaintiffs injury resulted from the method of work of any contractor. The only evidence in admissible form submitted in favor of summary judgment are the transcripts of the depositions of plaintiff and Nicholas Pepe. (See exhibits O and P, respectively, to affirmation in support.) To the extent that the deposition testimony addresses the manner in which plaintiffs injury occurred or its cause, it would support an inference that the falling metal plate was not the result of the method of work. (See examination before trial of Slawomir Jablonski, exhibit O to affirmation in support, at 38-44.)
Without any showing that the dangerous condition arose from a contractor’s methods, defendant Fulton Corners as owner of the premises could not establish its entitlement to *143 judgment as a matter of law without making a prima facie showing that it had no actual or constructive notice of the injury-producing condition. As noted, no such showing was made. Counsel’s statement concerning the absence of “complaints regarding the falling of metal tiles” (mem of law at 17) would not be sufficient even if it were evidence in admissible form. (See Feratovic v Lun Wah, Inc., 284 AD2d 368 [2d Dept 2001].)
The same is true as to defendant Bianco C. Pepe, Inc. as general contractor. Moreover, defendant makes no showing that it did not have the authority to either correct the injury-producing condition or to ensure that workers avoided the danger. To the extent that the deposition testimony of Nicholas Pepe addresses the issue, it suggests that defendant may have had such authority. Mr. Pepe was vice-president of both the owner, Fulton Corners, and the general contractor; the “[s]ame people owned both companies.” (See examination before trial of Nicholas Pepe, exhibit P to affirmation in support, at 5, 14, 15.) Although there were written contracts with plaintiffs employer, Asbestos Corporation of America, and the demolition contractor, Garito Contracting (id. at 10, 13), their respective provisions as they might bear upon the authority of the general contractor do not appear. What does appear is that the general contractor, rather then the owner, was party to the contract with Garito at least. (Id. at 21.) In light of the importance of privity and contractual terms, summary judgment is premature when these questions have not been examined.
Since defendants have failed to establish prima facie their entitlement to judgment as a matter of law, it is unnecessary to consider whether plaintiff has established any triable issue. (See Lesocovich v 180 Madison Ave. Corp., 81 NY2d 982, 985 [1993]; Cincotta v City of New York, 292 AD2d 558, 559 [2d Dept 2002].)
Defendants’ motion for summary judgment is granted only to the extent that plaintiffs claim pursuant to Labor Law § 240 is dismissed; otherwise the motion is denied.