■ KWANG HO KIM et al., Respondents-Appellants, v D & W SHIN REALTY CORP., Appellant-Respondent, and ACP SEAFOOD CORP., Respondent. [852 NYS2d 138]—

In an action to recover damages for personal injuries, etc., the defendant D & W Shin Realty Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated January 25, 2006, as denied those branches of its motion which were for summary judgment on its cross claims against the defendant ACP Seafood Corp. for common-law indemnification and to recover damages for breach of a lease provision requiring ACP Seafood Corp. to procure liability insurance naming it as an additional insured and, in effect, upon searching the record, awarded summary judgment in favor of the defendant ACP Seafood Corp. dismissing the cross claim for common-law indemnification and to recover damages for breach of the insurance procurement provision, and denied,

as untimely, those branches of its separate motion which were for summary judgment dismissing the causes of action based on Labor Law §§ 200, 240 (1), and § 241 (6) insofar as asserted against it, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the motion of the defendant ACP Seafood Corp. which were for summary judgment dismissing the causes of action based on Labor Law §§ 200, 240 (1); and § 241 (6) insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant D & W Shin Realty Corp. which was for summary judgment on its cross claim to recover damages for breach of the lease provision requiring the defendant ACP Seafood Corp. to procure liability insurance naming D & W Shin Realty Corp. as an additional insured, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof, in effect, upon searching the record, awarding summary judgment in favor of the defendant ACP Seafood Corp. dismissing the cross claims of the defendant D & W Shin Realty Corp. for common-law indemnification and to recover damages for breach of the insurance procurement provision, and (3) by deleting the provision thereof granting those branches of the motion of the defendant ACP Seafood Corp. which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, and the Labor Law § 241 (6) cause of action insofar as asserted against it, to the extent it is based on violations of 12 NYCRR 23-1.7 (d) and 23-1.21 (b) (4) (ii) and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiffs by ACP Seafood Corp.

The defendant ACP Seafood Corp. (hereinafter ACP) contracted with the employer of the plaintiff Kwang Ho Kim (hereinafter the plaintiff) to perform siding work at a building leased to it by the defendant D & W Shin Realty Corp. (hereinafter D & W). According to the plaintiff, he was working alone on the fifth or sixth rung of an unsecured 12-foot ladder when it slipped out from underneath him, causing him to fall to the ground and break his feet. According to Dan Woo Shin, the president and sole shareholder of ACP, prior to the plaintiff's fall, Shin had asked or told the plaintiff to stop working because the plaintiff was alone and it was raining. Subsequently, the plaintiff and his wife, who asserted a derivative claim, commenced this action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6). D

& W cross-claimed against ACP for common-law and contractual indemnification and to recover damages for breach of a lease provision requiring ACP to procure liability insurance naming D & W as an additional insured.

The Supreme Court properly denied as untimely those branches of D & W's motion which were for summary judgment dismissing the causes of action based on Labor Law §§ 200, 240 (1), and § 241 (6) insofar as asserted against it. The motion was submitted beyond the court-ordered time limit of July 1, 2005 (*see* CPLR 3212 [a]), and D & W failed to offer any good cause for its delay in making the motion (*see* CPLR 2004; *DiBenedetto v Lowe's Home Ctrs., Inc.,* 43 AD3d 853 [2007]).

The Supreme Court erred in granting those branches of ACP's motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against it on the ground that ACP was not an owner. The meaning of "owners" under Labor Law § 240 (1) and § 241 (6) has not been limited to titleholders but has "been held to encompass a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit" (*Copertino v Ward,* 100 AD2d 565, 566 [1984]; *see also Guzman v L.M.P. Realty Corp.,* 262 AD2d 99 [1999]). Here, ACP was acting as an "owner" when it hired the plaintiff's employer pursuant to an oral contract to perform the siding work on the building, from which it derived a benefit in the operation of its business (*see Bush v Goodyear Tire & Rubber Co.,* 9 AD3d 252, 253 [2004]; *Fisher v Coghlan,* 8 AD3d 974, 975-976 [2004]; *DeFreece v Penny Bag,* 137 AD2d 744, 745 [1988]; *Buonassisi v Sears, Roebuck & Co.,* 43 AD2d 701 [1973]).

ACP's contention that it is entitled to summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it is without merit, as it failed to satisfy its prima facie burden establishing that the ladder provided "proper protection" under Labor Law § 240 (1) (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 289 [2003]; *see also Peralta v American Tel. & Tel. Co.,* 29 AD3d 493, 494 [2006]; *MacNair v Salamon,* 199 AD2d 170, 171 [1993]).

ACP also failed to satisfy its prima facie burden of establishing that the plaintiff's actions were the sole proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d at 290). The fact that the plaintiff was not holding onto the ladder when he fell does not obviate the statutory requirement to provide proper protection where the plaintiff's work required the use of both hands. Moreover, it cannot be said that the plaintiff was the sole proximate cause of the accident as

there is evidence that the failure to secure the ladder contributed to his fall. Likewise, ACP did not establish, as a matter of law, that the plaintiff's failure to heed Shin's instructions to stop working was the sole proximate cause of his injuries (*see Gordon v Eastern Ry. Supply,* 82 NY2d 555, 563 [1993]; *Wonderling v CSX Transp., Inc.,* 34 AD3d 1244, 1245 [2006]; *Guaman v New Sprout Presbyt. Church of N.Y.,* 33 AD3d 758, 759 [2006]; *Adams v Cimato Bros.,* 207 AD2d 997 [1994]), and any comparative negligence on the plaintiff's behalf is not a defense to a claim under Labor Law § 240 (1) (*see Stolt v General Foods Corp.,* 81 NY2d 918, 920 [1993]).

Regarding the plaintiff's cause of action pursuant to Labor Law § 241 (6), which was premised on violations of 12 NYCRR 23-1.7 (d), 23-1.15, 23-1.16, 23-1.17, and 23-1.21 (b) (4) (ii), (iii), (iv), and (v), owners and contractors are required to "provide reasonable and adequate protection and safety" for workers, and are required to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501 [1993]). The rule or regulation alleged to have been breached must be a specific, positive command and be applicable to the facts of the case (*see Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 349 [1998]; *Singleton v Citnalta Constr. Corp.,* 291 AD2d 393, 394 [2002]).

The regulations set forth at 12 NYCRR 23-1.15, 23-1.16, and 23-1.17, which set standards for safety railings, safety belts, and life nets, respectively, are inapplicable here because the plaintiff was not provided with any such devices (*see Dzieran v 1800 Boston Rd., LLC,* 25 AD3d 336, 337 [2006]; *Luckern v Lyonsdale Energy Ltd. Partnership,* 281 AD2d 884, 887 [2001]; *Avendano v Sazerac, Inc.,* 248 AD2d 340, 341 [1998]; *Spenard v Gregware Gen. Contr.,* 248 AD2d 868 [1998]). Likewise, 12 NYCRR 23-1.21 (b) (4) (iii), (iv), and (v) are inapplicable, as there was no evidence that the ladder sagged because it was too weak to support "expected maximum loading conditions," or that the "upper end" of the ladder slipped. Instead, it was the plaintiff's allegation that the ladder slipped out from underneath him. In opposition to ACP's establishment of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact.

However, ACP failed to satisfy its prima facie burden establishing that 12 NYCRR 23-1.7 (d) and 23-1.21 (b) (4) (ii) were inapplicable, as it was undisputed that it was raining while the plaintiff was working alone on an unsecured ladder (*see Jicheng Liu v Sanford Tower Condominium, Inc.,* 35 AD3d 378 [2006]; *Bradley v Morgan Stanley & Co., Inc.,* 21 AD3d 866, 868

[2005]; *Jamison v County of Onondaga,* 17 AD3d 1142, 1143 [2005]; *Sprague v Peckham Materials Corp.,* 240 AD2d 392, 394 [1997]).

Labor Law § 200 is a codification of the common-law duty to provide workers with a safe work environment (*see Everitt v Nozkowski,* 285 AD2d 442, 443 [2001]). If the allegedly dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, liability does not attach under the common-law or under Labor Law § 200 (*see Peay v New York City School Constr. Auth.,* 35 AD3d 566, 567 [2006]; *Mas v Kohen,* 283 AD2d 616 [2001]). Here, ACP satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that it did not direct or control the means or methods of the plaintiff's work (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Mas v Kohen,* 283 AD2d at 617).

Summary judgment on a claim for common-law indemnification is appropriate only where there are no triable issues of fact concerning the degree of fault attributable to each party involved (*see Coque v Wildflower Estates Devs., Inc.,* 31 AD3d 484, 489 [2006]; *La Lima v Epstein,* 143 AD2d 886, 888 [1988]). Thus, the Supreme Court acted prematurely in searching the record and awarding summary judgment in favor of ACP dismissing D & W's cross claim for common-law indemnification (*see Coque v Wildflower Estates Devs., Inc.,* 31 AD3d at 489).

Similarly, the Supreme Court erred by, in effect, upon searching the record, awarding summary judgment in favor of ACP dismissing D & W's cross claim to recover damages for breach of the insurance procurement provision of the lease. While Shin signed the lease on behalf of both lessee and lessor, it was executed in his different capacities as a 50% stakeholder in D & W and the sole shareholder in ACP, and thus was enforceable (*see* 1 Corbin, Contracts § 3.1, at 312). "An agreement to procure insurance is *not* an agreement to indemnify and hold harmless, and the distinction between the two is well recognized" (*Kinney v Lisk Co.,* 76 NY2d 215, 218 [1990]). While the Supreme Court found a separate indemnification provision in the lease void and unenforceable under General Obligations Law § 5-322.1, which D & W concedes on appeal, the insurance procurement provision is separable and does not violate General Obligations Law § 5-322.1 (*see Kinney v Lisk Co.,* 76 NY2d 215, 218 [1990]; *Cappellino v Atco Mech.,* 273 AD2d 265 [2000]; *Mathew v Crow Constr. Co.,* 220 AD2d 490, 491 [1995]).

Accordingly, D & W is entitled to recover from ACP the dam-

ages resulting from the breach, including the prospective damages arising from the liability of D & W to the plaintiff and the costs incurred by D & W in defending against the plaintiff's action (see *Keelan v Sivan*, 234 AD2d 516, 517 [1996]; *DiMuro v Town of Babylon*, 210 AD2d 373, 374 [1994]; *Morel v City of New York*, 192 AD2d 428, 429 [1993]). Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.