■ ADAM ENOS, Appellant, v WERLATONE, INC., et al., Defendants, and GLENN WERLAU et al., Respondents. [888 NYS2d 902]—

Contrary to the plaintiff's contention, the Supreme Court properly granted reargument and, upon reargument, properly granted that branch of the motion of the defendants Glenn Werlau and Christel Werlau which was for summary judgment dismissing the complaint insofar as asserted against them, which alleged causes of action sounding in common-law negligence and violations of Labor Law § 200. These defendants established their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 325 [1986]). The evidence demonstrated that the plaintiff's accident allegedly arose from the means and methods of the work performed, that the work was directed and controlled exclusively by the defendant Michael Werlau, and that the defendants Glenn Werlau and Christel Werlau did not have authority to exercise any supervisory control over the work, that is, they did not "bear[ ] the responsibility for the manner in which the work [was] performed" (*Ortega v Puccia,* 57 AD3d 54, 62 [2008]; *see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *Lombardi v Stout,* 80 NY2d 290, 295 [1992]; *Kwang Ho Kim v D & W Shin Realty Corp.,* 47 AD3d 616, 620 [2008]; *Ragone v Spring Scaffolding, Inc.,* 46 AD3d 652, 655 [2007]; *Peay v New York City School Constr. Auth.,* 35 AD3d 566, 567 [2006]; *Locicero v Princeton Restoration, Inc.,* 25 AD3d 664, 666 [2006]). In opposition to the motion, the plaintiff failed to present evidence sufficient to raise a triable issue of fact, since a mere showing that Glenn Werlau or Christel Werlau had general supervisory authority over the project is not sufficient for this purpose (*see Enriquez v B & D Dev., Inc.,* 63 AD3d 780, 781 [2009]; *Ortega v Puccia,* 57 AD3d at 62; *Mas v Kohen,* 283 AD2d 616 [2001]; *Braun v Fischbach & Moore,* 280 AD2d 506 [2001]; *Loiacono v Lehrer McGovern Bovis,* 270 AD2d 464, 465 [2000]). Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.