**Almer v Summit Glory Prop. LLC**

2025 NY Slip Op 30383(U)

January 31, 2025

Supreme County, New York County

Docket Number: Index No. 154195/2019

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**

*Justice*

-----------------------------------------------------------------------------X

NICK ALMER,

Plaintiff,

- v -

SUMMIT GLORY PROPERTY LLC,FOSUN MANAGEMENT (US) INC.,BENCHMARK BUILDERS, INC.,LINEAR TECHNOLOGIES, INC.,TRI RAM LLC D/B/A MOMENTUM DATA,

Defendant.

-----------------------------------------------------------------------------X

SUMMIT GLORY PROPERTY LLC, FOSUN MANAGEMENT (US) INC., BENCHMARK BUILDERS, INC.

Plaintiff,

-against-

LINEAR TECHNOLOGIES, INC., FOREST ELECTRIC CORP.

Defendant.
-----------------------------------------------------------------------------X

SUMMIT GLORY PROPERTY LLC, FOSUN MANAGEMENT (US) INC., BENCHMARK BUILDERS, INC.

Plaintiff,

-against-

TRI RAM LLC D/B/A MOMENTUM DATA

Defendant.
-----------------------------------------------------------------------------X

LINEAR TECHNOLOGIES, INC.

Plaintiff,

-against-

TRIRAM LLC D/B/A MOMENTUM DATA

| | |
|---|---|
| PART | 11M |
| INDEX NO. | 154195/2019 |
| MOTION DATE | 06/04/2024, 06/04/2024, 06/05/2024 |
| MOTION SEQ. NO. | 006 007 008 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595753/2019

Second Third-Party
Index No. 595378/2020

Third Third-Party
Index No. 595584/2020

**154195/2019 Motion No. 006 007 008**  **Page 1 of 8**

[* 1]



Defendant.

----------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 281, 284, 294, 297, 300, 303, 306, 309, 310, 311, 316, 319, 322, 323, 324, 325, 326, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 380, 381, 382, 383, 384, 385, 386, 387

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 282, 285, 287, 288, 289, 290, 291, 292, 293, 295, 298, 301, 304, 307, 312, 313, 317, 320, 327, 328, 343, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 379, 392, 393, 394

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 283, 286, 296, 299, 302, 305, 308, 314, 315, 318, 321, 329, 330, 344, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 388, 389, 390, 391

were read on this motion to/for                SUMMARY JUDGMENT(AFTER JOINDER        .

This action arises out of injuries allegedly sustained by plaintiff on a construction site. Defendants/third-party plaintiffs now move for summary judgment. Plaintiff opposes the motions and during oral argument withdrew its claims pursuant to Labor Law § 240 (1). The Court will address each motion in turn.

## **Background**

Summit Glory Property LLC ("Summit") is the owner the premises where the construction was taking place, defendant Fosun Management (US) Inc, is Summit's parent company. Defendant Benchmark Builders Inc. ("Benchmark") was the general contractor for the project. Benchmark, entered into a subcontract agreement with Forest Electric Corp.[1], to perform electrical work on the jobsite. Non-party tenant Wolters Kluwer, contracted with third-party

---

[1] The claims against Forest Electric Corp. have been discontinued, thus Forest is no longer a party.

**154195/2019 Motion No. 006 007 008**                                   **Page 2 of 8**

[* 2]

defendant/third third-party plaintiff Linear Technologies, Inc. who then subcontracted with second third-party defendant/third third-party defendant Tri Ram LLC d/b/a Momentum ("Tri Ram"), to install infrastructure for low voltage cabling.

Plaintiff was employed by a non-party, Forest Electric Corp., as an apprentice electrician. On the date of the incident, plaintiff allegedly sustained injuries when he tripped over drag line while carrying tools at the worksite. Plaintiff testified that the drag line he tripped over was red and white.

## Standard of Review

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

*Labor Law § 200*

It is well-settled law that an owner or general contractor will not be found liable under common law or Labor Law § 200 where it has no notice of any dangerous condition which may have caused the plaintiff's injuries, nor the ability to control the activity which caused the dangerous condition. *See Russin v Picciano & Son*, 54 NY2d 311[1981]; *see also Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393,

**154195/2019 Motion No. 006 007 008** **Page 3 of 8**

394 [2002]. The First Department has held that liability pursuant to Labor Law § 200 only attaches where the owner or contractor had the "authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition"(*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146 [1st Dept 2012] internal citations omitted).

### *Motion Sequence 006*

Defendants/third-party plaintiffs/second-third party plaintiffs Summit Glory Property LLC, Fosun Management (US) Inc., and Benchmark Builders, Inc. (collectively "defendants") seek partial summary judgment pursuant to CPLR § 3212 dismissing plaintiff's Labor Law § 200, common-law negligence claims, and Labor Law § 240[2]; and granting it partial summary judgment on its claims for common law and contractual indemnity against Tri Ram LLC d/b/a Momentum Data; summary judgment on its claims for contractual indemnity against Linear Technologies, Inc.; and seeking dismissal of Tri Ram LLC and Linear Technologies, Inc.'s crossclaims.

In support of its motion seeking dismissal of the Labor Law § 200 and common-law negligence claims, defendants contend that it neither caused or created a dangerous or defective condition at the worksite, nor did it have actual or constructive notice of the same. Further, defendants contend that liability cannot attach because it did not control the means and methods of plaintiff's work.

In opposition, Tri Ram contends that defendants were responsible for maintaining a safe work site, so even assuming it did in fact leave the drag line on the floor, it was ultimately the responsibility of defendants to maintain the area. The Court is not persuaded by this argument. Moreover, Tri Ram cites to deposition testimony stating that plaintiff's employer used drag lines

---

[2] As previously indicated, plaintiff has abandoned its claims pursuant to Labor Law § 240, thus the Court will not address that portion of the motion.

[* 4]

of different colors, specifically red and white and green and white, thus there is a question regarding what entity the drag lines belonged to. Further, Tri Ram contends that it was not present nor was it doing any work on the floor for the plaintiff's accident on the date of the accident.

In opposition to the instant motion, plaintiff contends that defendants' subsequent remedial measure, Benchmark cutting the drag line, establishes that it was in control of the drag line and thus its Labor Law § 200 claims should not be dismissed.

In support of its motion seeking contractual indemnification, defendants cite to the contract between Linear and Tri Ram. The contract provides, in relevant part, that Tri Ram agrees to indemnify the contractor and the owner for all incidents arising out of it work. Defendants contend that plaintiff's accident arose out of Tri Ram's work, and thus Summit as the owner and Benchmark as the general contractor are entitled to indemnification. Similarly, movant contends that because the accident arose out of Tri Ram's work, Tri Ram owes common law indemnification.

Additionally, defendants contend that it is owed contractual indemnity from Linear based on plaintiff's accident resulting from work that it subcontracted Tri Ram to perform.

In opposition, Linear contends that defendants have not established entitlement to indemnification because the color of the drag line that plaintiff tripped over, red and white, was not the same color it typically uses, green.

At this juncture, the Court finds that questions of fact preclude summary judgment with respect to defendants' common law and contractual indemnification claims. Defendants have failed to establish that the drag line that caused plaintiff's accident was used by either Tri Ram or Linear.

[* 5]

As to the Labor Law §200 claims and common law negligence, defendants have not established entitlement to dismissal of this cause of action as asserted against it. Defendants have not established that they neither controlled the means or methods of plaintiff's work and that the drag line was not a defect on the premises, rather it was caused or created by one of the subcontractors at the location. Although defendants seek to rely on the testimony is that Mr. Seeley, the general contractor's superintendent, performed daily walkthroughs and did not see the drag line condition prior to plaintiff's accident, the record is silent as to when the last walk through was conducted. Accordingly, the defendants have not established that through timely inspections that there was no constructive notice of the drag lines.

### *Motion Sequence 007*

Defendant/third-party defendant, Linear Technologies, Inc. moves for summary judgment dismissing the plaintiff's claims, pursuant to Labor Law §§ 241(6), 200, and common law negligence claims, as well as dismissing defendants, Summit, Fosun, and Benchmark's third-party complaint, including their contractual and common law indemnity and breach of contract claims, and granting Linear's summary judgment in connection with its contractual indemnity claim against Tri Ram.

Preliminarily, the portion of the motion seeking contractual indemnification from Tri Ram is denied. As indicated above the record is unclear as to what entity was using the subject drag lines, thus Linear has not established that plaintiff's accident arose out of the work being conducted by Tri Ram. Similarly, the portion of the motion seeking dismissal of Summit, Fosun and Benchmark's common law and contractual indemnification claims is denied, as questions of fact preclude a finding in Linear's favor.

[* 6]

Additionally, Linear fails to establish entitlement to the breach of contract claim for failing to procure the requisite insurance policy. Linear has not submitted admissible evidence that the requisite insurance was procured, thus fails to establish entitlement to judgment as a matter of law.

It is well settled law that for there to be liability pursuant to Labor Law Section 241(6), there must be a violation shown of the Industrial Code. *See e.g., Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993] (§241(6) imposes a non-delegable duty upon owners and general contractors and their agents for violation of the statute).

Plaintiff's claim under Labor Law §241(6) is based on a violations of various the Industrial Code Sections, including 12 NYCRR §23-1.7(e) – "Tripping and other hazards" and 12 NYCRR §23-2.1(a) – "Storage of material or equipment". In opposition to Linear's motion, plaintiff contends that the drag lines on the floor presented a tripping hazard, as evidenced by plaintiff's accident. Further, plaintiff contends that because Linear was the contractor responsible for installation of data cables and used drag lines, Linear has not established that dismissal of plaintiff's Labor Law §241(6) require dismissal. The Court agrees.

Accordingly, Linear's motion for summary judgment is denied in its entirety.

## *Motion Sequence 008*

Defendant Tri Ram LLC d/b/a Momentum Data dismissing plaintiff's complaint and all crossclaims asserted against it.

In support of it motion for summary judgment Tri Ram contends that it does not own the subject property, nor was it a general contractor with authority to direct, control or supervise plaintiff's work, thus requiring dismissal of the Labor Law § 200 claims and common law

negligence claims. Rather, Tri Ram contends that it was merely a subcontractor retained to install low voltage data cables at the project site.

Tri Ram contends that it either uses blue or green drag line and the line plaintiff tripped over was red. In opposition, plaintiff cites to testimony that Tri Ram may have borrowed the subject drag line from non-party Forest. As the Court has already found, there is a question of fact regarding ownership of the subject drag line thus the question of which contractor caused and created the condition. Tri- Ram has failed to establish entitlement to judgment as a matter of law.

Accordingly, it is hereby

ADJUDGED that all motions for summary judgment are denied.

20250131162949LFRANK0B440A1C56374FD5B65291281207BFEA

__1/31/2025__
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

| | | | | | |
|---|---|---|---|---|---|
| **CHECK ONE:** | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 8]