| **Ardizzone v Summit Glory LLC** |
|---|
| 2025 NY Slip Op 30523(U) |
| February 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157243/2017 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**          PART          **11M**

*Justice*

-----------------------------------------------------------------------------X

ANGELO ARDIZZONE, MARYBETH ARDIZZONE,

                     Plaintiff,

              - v -

SUMMIT GLORY LLC,FOSUN INTERNATIONAL LIMITED, AMERICON CONSTRUCTION INC.,TITAN INDUSTRIAL SERVICES CORP., EASTERN DESIGN TILE & MARBLE, INC.,KABACK ENTERPRISES, INC.,MASPETH WELDING, INC.,RIVCO CONSTRUCTION, LLC,

                     Defendant.

-----------------------------------------------------------------------------X

AMERICON CONSTRUCTION INC.

                     Plaintiff,

              -against-

ISLAND ARCHITECTURAL WOODWORK, INC.

                     Defendant.

-----------------------------------------------------------------------------X

INDEX NO.        157243/2017

MOTION DATE      02/09/2024

MOTION SEQ. NO.      011

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595850/2021

The following e-filed documents, listed by NYSCEF document number (Motion 011) 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 536, 545, 551, 560, 577, 590, 591, 633, 634, 642

were read on this motion to/for          JUDGMENT - SUMMARY          .

      This action arises out injuries allegedly sustained by plaintiff, Angelo Ardizzone, at a construction site. Plaintiff Marybeth Ardizzone has asserted derivative claims.  Defendant Kaback Enterprises, Inc. ("Kaback"), now moves for summary judgment dismissing all claims and crossclaims against it.  Plaintiff opposes the only portion of the motion seeking dismissal of its Labor Law § 200 and common law negligence claims. Defendant American Construction Inc. ("Americon") opposes the portion of the motion that seeks dismissal of its contractual indemnification claims.  For the reasons set forth below, the motion is granted in part.

**157243/2017 Motion No.  011**                    **Page 1 of 5**

[* 1]

## Background

This action arises from plaintiff's accident that occurred on June 9, 2016. At the time of the accident, defendant, Summit Glory LLC ("Summit"), owned 28 Liberty Street, New York, New York, the location of the subject accident. Summit retained non-party, CBRE, Inc., to be its exclusive property manager. Defendant, Fosun International Limited, owned Summit. Non-party tenant, Jones Lang Lasalle Americas, Inc., entered into a contract with defendant/third-party plaintiff, Americon Construction Inc. ("Americon"), the general contractor, to provide construction services in the tenant's leased space.

Defendant, Kaback, was hired by Americon, to perform HVAC work for the construction project located at 28 Liberty Street New York, NY. Kaback was hired to install duct work at the site and some work on convection units near windows using galvanized sheet metal.

Plaintiff was employed by non-party Allran Electric of NY LLC, a subcontractor hired by Americon to perform electrical work. At the time of the accident plaintiff completed installing a light fixture when he was coming down the ladder, his right foot slipped on debris, and his knee gave out. Plaintiff testified that the debris pile he stepped on consisted of sawdust, metal debris from ductwork, some steamfitter pieces of pipe and some pieces of M.C. cable. Plaintiff testified that there was no debris on the floor when he ascended the ladder. Further, plaintiff testified he does not know how the debris he slipped on got on the floor or how long the debris was on the floor prior to his slipping on it.

## Summary Judgment Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the

absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

*Labor Law § 200 and Common Law Negligence*

It is well-settled law that an owner or general contractor will not be found liable under common law or Labor Law § 200 where it has no notice of any dangerous condition which may have caused the plaintiff's injuries, nor the ability to control the activity which caused the dangerous condition. *See Russin v Picciano & Son*, 54 NY2d 311[1981]; *see also Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002]. The First Department has held that liability pursuant to Labor Law § 200 only attaches where the owner or contractor had the "authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition"(*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146 [1st Dept 2012] internal citations omitted).

**Discussion**

Preliminarily, the Court finds that Kaback has established *prima facie* entitlement to dismissal of plaintiffs' claims pursuant to Labor Law §§ 240 (1), 241(6). Plaintiffs do not oppose dismissal of these claims as against Kaback.

In support of the portion of the motion seeking dismissal of Labor Law § 200 and common law negligence, Kaback cites to various parties' depositions testimony as well as an affidavit from James Kavanaugh, its Controller. Mr. Kavanaugh swore in his affidavit that

**157243/2017 Motion No. 011**                                                                **Page 3 of 5**

[* 3]

Kaback did not have any employees present at the project on the date of plaintiff's accident. In support of the contention that Kaback did not have any employees on the premises between May 18, 2016 and June 9, 2016, the date of plaintiff's accident, Mr. Kavanaugh relies on Jobs Cost Detail Report, NYSCEF Doc. 383. However, Kaback produced another employee for a deposition, Craig Cox Pennington, the project manager, who did not recall whether or not there were any employees on site on the date of plaintiff's accident.

Kaback's contentions that it did not engage in cutting any metal as it did subcontract that work to "tin knockers", is insufficient to establish its entitlement to dismissal of claims asserted against it. At the very least, there is a question of fact as to the contractual indemnification claims asserted by Americon as Kaback repeatedly urges that any debris was caused by its subcontractor. Moreover, although there is testimony that American had laborers on-site to clean, the language of the contract between Kaback and Americon provides that Kaback was responsible for cleaning its own debris. Thus, the Court finds that there are multiple issues of fact precluding dismissal of American's indemnification claims as well as plaintiff's common law negligence and Labor Law § 200 claims.

Kaback has failed to establish that it was not on-site during plaintiff's accident, its main argument in support of dismissing plaintiff's claims, thus it has not been established that Kaback did not cause or create the condition that caused plaintiff's accident. According, it is hereby

ADJUDGED that the portion of Kaback's motion that seeks to dismiss plaintiffs' common law negligence claims and Labor Law § 200 claims is denied; and it is further

ORDERED that the portion of Kaback's motion that seeks dismissal of plaintiffs' claims pursuant to Labor Law §§ 240 (1), 241(6) is granted without opposition; and it is further

[* 4]

ORDERED that the portion of Kaback's motion that seeks dismissal of Americon's breach of contract cross-claim is granted without opposition;

ADJUDGED that the portion of Kaback's motion that seeks dismissal of all cross-claims for contractual and common law indemnification is denied.

20250213155406LFRANK2180C73D8FA74EAE8A78A48D1CA2EC59

__2/13/2025__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |