■ WILSON PABON et al., Respondents, v ALEXANDER BUILDING CORP. et al., ·Defendants and Third-Party Plaintiffs-Appellants-Respondents. JOB OPPORTUNITIES FOR WOMEN, INC., Third-Party Defendant-Respondent-Appellant. [709 NYS2d 550] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about March 11, 1999, which, to the extent appealed from, granted plaintiffs' motion for partial summary judgment on liability as to their Labor Law § 240 (1) claim, unanimously affirmed, without costs. Order, same court and Justice, entered April 28, 1999, which, *inter alia,* denied the motion of defendants and third-party plaintiffs for summary judgment on the fourth and fifth causes of action in the amended third-party complaint, and denied the motion of third-party defendant Job Opportunities for Women, Inc., to vacate a prior order, entered upon Job Opportunities' default, granting third-party plaintiffs' motion for summary judgment on the first and second causes of action of the original third-party complaint for common law and contractual indemnification, unanimously modified, on the law and the facts, to grant the motion to vacate, and, upon vacatur, to deny the motion for summary judgment on the indemnification claims, and otherwise affirmed, without costs.

Partial summary judgment as to liability on the complaint was properly awarded. Plaintiff testified at his deposition that, while he was descending a ladder, he heard a "snap," the ladder began to wobble, and he fell. Upon impact, one of the ladder's cross-braces was found to have broken away from one of the legs. While defendants claim that it is speculative to conclude that the brace became disengaged before the fall, rather than after, they have offered nothing to support that theory. Moreover, plaintiffs' version, itself adequate to constitute a prima facie case for liability pursuant to Labor Law § 240 (1) (see, Desouter v HRH Constr. Corp., 216 AD2d 249), was corroborated in part by Robert Egan, the only other party in the room as the incident occurred, who testified that, as he entered the room, he saw plaintiff and the ladder falling. Although defendants urge that an issue of fact is raised by the testimony of the job supervisor, the hearsay account of what Egan said was, by itself, insufficient to warrant denial of summary judgment (cf., Guzman v L.M.P. Realty Corp., 262 AD2d 99). Defendants' other arguments, that the ladder might have been tenuously placed on construction debris, or that plaintiff's landing on his back belied his contention that the ladder fell to the side, are purely speculative.

Turning to the third-party indemnification claims, vacatur of the default order deciding such claims against third-party defendant Job Opportunities should have been granted since there was a reasonable excuse for Job Opportunities' default, defendants having conceded that they stipulated to an adjournment of the original motion, and a meritorious defense to indemnification, i.e., that defendants were negligent (see, Correia v Professional Data Mgt., 259 AD2d 60), since there are factual questions as to who owned the ladder used by plaintiff and who controlled his work at the time of the incident. We note plaintiff testified that he received the ladder from an employee of defendants, and that the ladder was marked with initials indicating that it was owned by the general contractor. The motion court properly cited the existence of these same factual issues in denying defendant and third-party plaintiffs' motion for summary judgment upon the fourth and fifth causes in the amended third-party complaint. Concur—Williams, J. P., Tom, Rubin and Andrias, JJ.