ARTHUR FORSCHNER et al., Appellants-Respondents, v JUCCA COMPANY et al., Respondents-Appellants. (And a Third-Party Action.) [883 NYS2d 63]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 13, 2008, as denied that branch of their motion which was for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law § 240 (1) insofar as asserted against the defendants Jucca Company, a partnership, Frank Castagna, Castagna Realty Co., Inc., and granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6) insofar as asserted against those defendants, and the defendants Jucca Company, a partner-

ship, Frank Castagna, and Castagna Realty Co., Inc., Rita Castagna, Catherine Castagna LaBianca, and Robert Ronzoni cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 240 (1) insofar as asserted against the defendants Jucca Company, a partnership, Frank Castagna, and Castagna Realty Co., Inc.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Arthur Forschner (hereinafter the injured plaintiff) was employed by the third-party defendant RJW Contracting and Remodeling, a company retained by the defendants to perform framing work on a house that was under construction. While working at the job site installing joists in tandem with a coworker, the injured plaintiff ascended a ladder provided to him to gain access to and work atop a 4½-inch-wide beam. After the injured plaintiff ascended the ladder to the beam, the ladder was taken by other workers at the site for use elsewhere. While kneeling on the beam, a joist gave way under the pressure of the injured plaintiff's left hand, causing him to fall nine feet to the ground.

Labor Law § 240 (1) provides, in pertinent part, that "[a]ll contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

"In order to prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2007]; *see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). Labor Law § 240 (1) "creates a liability that is strict, or absolute, in two senses: the duty it imposes is nondelegable, and thus contractors and owners are liable under the statute whether or not they supervise or control the work; and where an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d at 39). There is no liability "where a plaintiff's own actions are the sole proximate cause of the accident" (*id.*).

Although the plaintiffs established that, at the time of the accident, the injured plaintiff was engaged in an elevation-related activity specifically protected by Labor Law § 240 (1), they did not establish as a matter of law that the failure of the defendants Jucca Company, a partnership, Frank Castagna, and Castagna Realty Co., Inc. (hereinafter the owners and general contractors), to provide him with any safety devices proximately caused his injuries. Rather, there are issues of fact as to whether the injured plaintiff was provided with any safety device and, if so, whether the device was an appropriate device, whether he used, or would have continued to use, that safety device, and whether he voluntarily surrendered that safety device. Hence, "it cannot be concluded, as a matter of law, that the defendants failed to provide the plaintiff with proper protection or that any alleged failure to provide and properly place adequate safety devices proximately caused his injuries" (*Artoglou v Gene Scappy Realty Corp.*, 57 AD3d 460, 461 [2008]). Under these circumstances, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the owners and general contractors (*see Hanvey v Falke's Quarry, Inc.*, 50 AD3d 1237, 1238 [2008]; *Clark v 345 E. 52nd St. Owners*, 245 AD2d 410, 412 [1997]; *Vona v St. Peter's Hosp. of City of Albany*, 223 AD2d 903, 905 [1996]). Given the existence of these issues of fact, the Supreme Court also properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against the owners and general contractors.

Labor Law § 241 (6) imposes a *"nondelegable* duty . . . upon owners and contractors 'to provide reasonable and adequate protection and safety to [construction workers]' " (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Dickson v Fantis Foods*, 235 AD2d 452 [1997]). To recover on a cause of action alleging a violation Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 503-505). The rule or regulation alleged to have been breached must be a specific, positive command and be applicable to the facts of the case (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 349).

"The regulations set forth at 12 NYCRR 23-1.15, 23-1.16, and 23-1.17, which set standards for safety railings, safety belts, and

life nets, respectively, are inapplicable here because the plaintiff was not provided with any such devices" (*Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 619 [2008]; *see Dzieran v 1800 Boston Rd., LLC*, 25 AD3d 336, 337 [2006]; *see also Rau v Bagels N Brunch, Inc.*, 57 AD3d 866, 868 [2008]). In addition, 12 NYCRR 23-1.7 (b) (1) is not applicable to the facts of this case, as that regulation applies to safety devices for hazardous openings, and not to an elevated hazard (*see* 12 NYCRR 23-1.7 [b] [1]; *Rau v Bagels N Brunch, Inc.*, 57 AD3d at 868; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d at 619). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action to recover damages based on a violation of Labor Law § 241 (6) insofar as asserted against the owners and general contractors. Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.