**Byrnes v RP1185 LLC**

2024 NY Slip Op 30029(U)

January 5, 2024

Supreme Court, New York County

Docket Number: Index No. 160214/2019

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LYLE E. FRANK** | PART **11M** |
| *Justice* | |

-------------------------------------------------------------------------------X

THOMAS BYRNES, SUZETTE BYRNES,

                Plaintiff,

         - v -

RP1185 LLC,LEND LEASE (US) CONSTRUCTION LMB
INC.,GLOBAL PRECAST INC.,

                Defendant.

-------------------------------------------------------------------------------X

RP1185 LLC, LEND LEASE (US) CONSTRUCTION LMB INC.

                Plaintiff,

         -against-

GLOBAL PRECAST INC.

                Defendant.

-------------------------------------------------------------------------------X

GLOBAL PRECAST INC., GLOBAL PRECAST INC.

                Plaintiff,

         -against-

JEMCO ERECTORS INC.

                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160214/2019 |
| MOTION DATE | 06/21/2023, 10/06/2023, 10/10/2023 |
| MOTION SEQ. NO. | 004 005 006 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595445/2020

Second Third-Party
Index No. 595818/2020

The following e-filed documents, listed by NYSCEF document number (Motion 004) 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 149, 150, 151

were read on this motion to/for             JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 211, 213, 223, 224, 225, 226, 231, 232, 233

were read on this motion to/for             JUDGMENT - SUMMARY     .

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 006) 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 212, 214, 215, 216, 217, 218, 219, 220, 221, 222, 227, 228, 229, 230, 234, 235, 236

were read on this motion to/for                   JUDGMENT - SUMMARY         .

This action arises out of injuries sustained on a construction site as a result of alleged violations of the New York State Labor Law. The parties each move, by motion and cross-motion, for summary judgment. The Court will address each motion in turn.

*Background*

On September 28, 2019, the date of the incident, plaintiff, Thomas Byrnes, was employed by second-third party defendant Jemco Erectors Inc. ("Jemco"). Construction was being performed at 1185 Broadway New York, New York. The premises is owned by defendant/third-party plaintiff RP1185 LLC ("RP1185"). RP1185 hired defendant/third-party plaintiff Lendlease (US) Construction LMB Inc. ("Lendlease") as the general contractor of the project. Lendlease hired the defendant/third-party defendant/second third-party plaintiff, Global Precast Inc. ("Global") to provide, manufacture, and install the precast panels on the project. Global then subcontracted with Jemco to perform installation of the precast panels.

Immediately prior to the subject accident, plaintiff was in an elevated scissor lift. Plaintiff, and other employees of Jemco were installing the precast panels. Plaintiff was working from a scissor lift making bottom lateral connections on the panels by installing threaded rods through embeds in the panels to embeds located in the concrete beam that the panels were being attached to. The subject panel was released by the crane and plaintiff was unable to make the connections as necessary and was instructed to place wooden shims as a temporary fix. The panel began to fall off the wall and struck the scissor lift. Plaintiff jumped off the scissor lift to avoid being crushed by the 14,600-pound panel.

[* 2]

## Summary Judgment Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

**Motion Sequence 004**

Plaintiff moves for partial summary judgment on his claims pursuant to Labor Law § 240 (1) against all direct defendants and his claims pursuant to Labor Law § 200 and common law negligence as against Global only. Global opposes the instant motion in its entirety. RP1185 and Lendlease oppose the portion of the motion based upon a violation of Labor Law § 240 (1). For the reasons set forth below, plaintiff's motion is granted in part.

Labor Law § 240 (1)

Labor Law § 240 (1) provides in pertinent part that

> "[a]ll contractors and owners and their agents, […] who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

It is well established law that an accident alone does not establish a Labor Law § 240 (1) violation or causation. (*Blake v Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 NY3d 280 [2003]; *Rudnik v Brogor Realty Corp.*, 45 AD3d 828 [2d Dept 2007]; *Forschner v Jucca Co.*, 63 AD3d 996 [2d Dept 2009]). Rather, the protections afforded by this section are invoked only where plaintiff demonstrates that he was engaged in an elevation-related activity and the failure to provide him with a safety device was the proximate cause of his injuries. *See* id.

To prevail on summary judgment in a falling object case under the scaffold law, "the injured worker must demonstrate the existence of a hazard contemplated under that statute and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" *Fabrizi v 1095 Ave. of Americas, L.L.C.*, 22 NY3d 658, 662 [2014].

In support of its motion, plaintiff contends that that the record establishes that the panel fell because of the way it was fabricated. Plaintiff, citing the accident report, contends that Global was issued citations to Global following the subject accident and that numerous panels had to be reinspected and removed based on the inadequacy of the panels manufactured by Global.

Here, there is no dispute that the collapse of the panel is a cause of the subject accident. The fact that the panel fell, struck the scissor left and caused plaintiff to jump to avoid being struck by the panel is not in dispute. Whether the cause of the collapse was a manufacturing defect or an error in installation, the Court does not opine, nor is it relevant for the purposes of this determination of the applicability of Labor Law § 240 (1). Plaintiff does not adequately establish that there was a failure of a safety device or lack of a safety device that caused plaintiff's accident. The cases relied on by plaintiff are inapposite, as will be discussed below.

[* 4]

In *Runner*, distinguishable from the instant matter, a worker was injured when the "make-shift" pulley system he was operating rapidly descended causing injury to the worker's hand (*Runner v NY Stock Exch., Inc.*, 13 NY3d 599, 601 [2009]). The Court of Appeals found that the pulley system was the safety device and that there was a "causal connection between the object's inadequately regulated descent and plaintiff's injury" *id* at 605.

In *Jordan*, the plaintiff was injured when a rail struck him (*Jordan v City of NY*, 126 AD3d 619, 620 [1st Dept 2015]). There the First Department based its decision on the fact that the height from which the rail fell was not *de minimis*, the issue of the height of the panel is not at issue here, thus this case is also distinguishable from the instant matter.

In *Gallegos*, plaintiff was injured when a slab fell while being hoisted (*Gallegos v Bridge Lane Vestry, LLC*, 188 AD3d 566 [1st Dept 2019]). Here, the panel was not in the process of being hoisted and had been released from the crane at least 5 minutes before the panel began to move and fall.

Plaintiff cites to *Howe v Syracuse University*, 306 AD2d 891 [4th Dept 2003], where a wall collapsed on scaffold, during a demolition project, and plaintiff jumped off the scaffold resulting in injuries. There the Fourth Department found that plaintiff established he was not furnished with an appropriate safety device. *Howe* is distinguishable from the case law in this Department as well as the facts of the instant matter. Unlike the plaintiff in *Howe*, plaintiff here has not established the inadequacy of a safety device or lack thereof. As discussed above, the panel did not fall while being hoisted.

Plaintiff relies on *Ortega*, that stands for the general proposition that "plaintiff merely has to demonstrate that he or she was injured when an elevation-related safety device failed to perform its function to support and secure him from injury" (*Ortega v City of New York*, 95

AD3d 125 [1st Dept 2012]). Plaintiff's reliance on this case underscores plaintiff's failure to establish that a safety device failed to perform its function and prevent his injury. Accordingly, plaintiff has failed to establish entitlement to judgment as a matter of law as to his Labor Law § 240 (1).

Labor Law § 200

It is well-settled law that an owner or general contractor or its agents will not be found liable under common law or Labor Law § 200 where it has no notice of any dangerous condition which may have caused the plaintiff's injuries, nor the ability to control the activity which caused the dangerous condition. *See Russin v Picciano & Son*, 54 NY2d 311[1981]; *see also Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002].

Here, as discussed above, plaintiff has established, as well as a review of the records submitted in support and in opposition to the various motions for summary judgment, that Global, as the subcontractor responsible for the fabrication and the installation of the subject panels is liable. This finding does not preclude a finding in Global's favor regarding its indemnification claims as against Jemco. Regardless of what caused the panel to fall, it is not disputed that either cause, the fabrication, direct causal connection of the alleged defective condition by Global or the installation, which was contractually the obligation of Global then subcontracted to Jemco, would entitle plaintiff to summary judgment on his common law negligence and Labor Law § 200 claim. Accordingly, plaintiff has established entitlement to judgment as a matter of law as against Global.

**Motion Sequence 005**

[* 6]

Defendants/third-party plaintiffs, RP1185 and Lendlease, move to dismiss the Labor Law §§ 200, 241(6) claims as against them and seek contractual indemnification from Global as well as dismissal of Global's cross claims. Jemco cross moves to dismiss the second third-party complaint[1]. Plaintiff does not oppose this motion.

RP1185 and Lendlease have established a prima facie entitlement to the relief sought, with respect to the dismissal of plaintiff's claims. Accordingly, that portion of RP1185 and Lendlease's motion is granted without opposition.

As to the portion of the motion that seeks contractual indemnification from Global, that portion is granted. RP1185 and Lendlease has established that it was not negligent, that it did not supervise or control the injury inducing work, and the record is clear, as discussed above, that accident was a result of work Global was contracted to do, whether or not it was a result of its own or its subcontractors negligence.

In opposition, Global contends that RP1185 and Lendlease seeking dismissal of plaintiff's claims is inconsistent with its claim for contractual indemnification. The Court does not agree. Global further argues, that Jemco was solely responsible for supervision of the work that caused the accident and thus Global cannot be required to indemnify RP1185 and Lendlease. This argument fails, however, to address the language in its contract with RP1185 and Lendlease that specifically provides in pertinent part that Global will defend, indemnify and hold harmless against any claim

> "caused by, arising out of, resulting from, or occurring in connection with the work by contractor, its subcontractors […] or their agents, servants, or employees, whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder"

---

[1] Notwithstanding Jemco's improper cross motion, as it is made against the non-movant, it is denied for the reason addressed when discussion motion sequence 006, Global's motion for summary judgment.

**160214/2019 Motion No. 004 005 006**

**Page 7 of 9**

*See* NYSCEF Doc. 119, p. 13.

Accordingly, the Court finds that RP1185 and Lendlease have established entitlement to contractual indemnification from Global, as well as dismissal of Global's cross claims. Global has failed to raise a triable issue of fact.

**Motion Sequence 006**

Defendant/third-party defendant/second third-party plaintiff, Global, moves for summary judgment seeking to dismiss Labor Law §200, § 240(1), and §241(6)[2], and common law negligence claims against it and for contractual indemnity and breach of contract for failure to procure insurance against Jemco. Jemco and plaintiff oppose the instant motion.

In support of its motion, Global contends that the Labor Law § 200 claims should be dismissed as against it because it was not negligent, that plaintiff's claims pursuant to Labor Law § 240 (1) also require dismissal as the accident did not arise from the inadequacy or absence of a safety device. Further, Global contends that the accident was caused by the negligence of Jemco, thus triggering Jemco's obligation to indemnify pursuant to the parties' contract.

In opposition to the motion plaintiff contends that for the same reasons it seeks summary judgment against Global, Global's motion for summary judgment requires denial.

For the same reasons the Court denied plaintiff's motion for summary judgment on its Labor Law § 240 (1) claims, plaintiff has not established that a defective safety device caused the accident, likewise, Global has not established that the inadequacy of a safety device or a failure to provide a safety device did not cause the accident.

---

[2] Plaintiff does not oppose the portion of the motion that seeks dismissal of the claims pursuant to Labor Law § 241(6) and withdraws those claims as to all defendants in its opposition to Global's motion.

**160214/2019 Motion No. 004 005 006**  **Page 8 of 9**

As to the portion of the motion that seeks relief as against Jemco, the Court finds that Global has failed to establish entitlement to judgment as a matter of law. As has been discussed at various points in this decision, the cause of the accident is in dispute. The expert affidavits provided both in support of the motion and in opposition creates an issue of fact that cannot be resolved in a motion for summary judgment. As to the argument that Jemco failed to procure the proper insurance based on the fact the insurer failed to cover Global in the instant matter, the Court rejects that argument, for all the reasons stated above. Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment, motion sequence 004 is granted in part as to its common law negligence and Labor Law § 200 claims as against Global; and it is further

ORDERED that RP1185 and Lendlease's motion for summary judgment, motion sequence 005, is granted in its entirety and Jemco's cross-motion is denied as improper;

ORDERED that Global's motion for summary judgment, motion sequence 006 is denied in its entirety.

20240105111731LFRANK265286CD5E7249409785D6E4E77C69F4

| 1/5/2024 | | | | | | LYLE E. FRANK, J.S.C. | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | | | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |