## Daniello v J.T. Magen & Co. Inc.

### 2024 NY Slip Op 32414(U)

### July 12, 2024

### Supreme Court, New York County

### Docket Number: Index No. 158947/2019

### Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

---------------------------------------------------------------------------X

THOMAS DANIELLO,

Plaintiff,

- v -

J.T. MAGEN & COMPANY INC.,770 BROADWAY OWNER LLC,FACEBOOK, INC.,L&K PARTNERS, INC.,

Defendant.

---------------------------------------------------------------------------X

L&K PARTNERS, INC.

Plaintiff,

-against-

UNITED STATES INFORMATION SYSTEMS, INC., USIS ELECTRIC, INC.

Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| PART | 11M |
| INDEX NO. | 158947/2019 |
| MOTION DATE | 12/16/2023, 02/20/2024 |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595110/2022

The following e-filed documents, listed by NYSCEF document number (Motion 003) 96, 97, 98, 99, 100, 101, 102, 103, 105, 141, 143, 144, 145, 149, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173

were read on this motion to/for         JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 142, 146, 147, 148, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 176

were read on this motion to/for         JUDGMENT - SUMMARY        .

This action arises out of injuries allegedly sustained by plaintiff when he fell from an A-frame ladder. Plaintiff moves for partial summary judgment as to his claims pursuant to Labor Law § 240 (1), motion sequence 003. Defendant/third-party plaintiff L&K Partners, Inc., (L&K) opposes plaintiff's motion and moves for summary judgment, motion sequence 004, seeking dismissal of all Labor Law claims as well as contractual and common law indemnification from

**158947/2019 Motion No. 003 004**         **Page 1 of 7**

[* 1]

third-party defendant. Defendants 770 Broadway Owner LLC, Facebook, Inc. and third-party defendants United States Information Systems, Inc. and USIS Electric Inc. oppose both motions.

## Background

Defendant 770 Broadway Owner LLC owned the subject premises and defendant Facebook Inc. leased certain portions of the premises, including the 10th floor. Facebook retained L&K as the general contractor for the Project, which involved the renovation and tenant fit out of office space on the 10th floor of the Premises. L&K retained USIS as a subcontractor to complete "low voltage" work at the Project. USIS then sub-subcontracted certain work within the scope of its contract with L&K to USIS Electric pursuant to a Subcontractor Agreement, dated January 1, 2006

On April 24, 2019, the date of the incident, plaintiff was employed by third-party defendant USIS Electric, Inc. Plaintiff's responsibility that day was to install jacks and run low voltage cable wires, that were previously installed, above the drop ceiling. Plaintiff used a six-foot A-frame ladder to access the wires. Plaintiff was reinstalling the ceiling tiles when he lost his balance and fell off the ladder. There is no allegation, testimony or any admissible evidence submitted regarding any defects with the ladder.

## Summary Judgment Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic

remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

### *Plaintiff's Motion for Summary Judgment*

Plaintiff moves for summary judgment on the issue of liability under Labor Law §240(1), while defendants oppose and move separately for the same relief as well as dismissal of the complaint in its entirety (motion sequence 003). For the reasons set forth below, plaintiff's motion is denied.

*Labor Law §240(1)*

It is well established law that an accident alone does not establish a Labor Law § 240 (1) violation or causation. (*Blake v Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 NY3d 280 [2003]; *Rudnik v Brogor Realty Corp.*, 45 AD3d 828 [2d Dept 2007]; *Forschner v Jucca Co.*, 63 AD3d 996 [2d Dept 2009]. Rather, the protections afforded by this section are invoked only where plaintiff demonstrates that he was engaged in an elevation-related activity and the failure to provide him with a safety device was the proximate cause of his injuries. *See* id.

In support of its motion, plaintiff contends that the ladder tipped causing him to fall and thus falling within the purview of Labor Law §240(1).

Plaintiff relies on *Pabon v Alexander Bldg. Corp.*, 273 AD2d 130 [1st Dept 2000], which the Court finds is distinguishable from the facts of the instant matter. In *Pabon* plaintiff testified that he heard a snap, felt the ladder wobble and then fell. *Id* at 131. Here, there is no testimony of any defect with the ladder that caused the subject accident.

Plaintiff cites to *DelRosario v United Nations Fed. Credit Union*, 104 AD3d 515 [1st Dept 2013]. In *DelRosario*, plaintiff was standing on a ladder when a live electric wire hit him in the

[* 3]

face, and he was caused to fall off the ladder. *Id*. There the First Department held that the ladder was "inadequate to the task of preventing his fall when he came into contact with the exposed wire and was a proximate cause of his injury" *Id*. The Court also finds this case distinguishable from the instant matter.

Plaintiff contends, in anticipation of defendants' arguments, that plaintiff did not lose his balance, rather the evidence demonstrates that the ladder fell over.

Plaintiff's reliance on *Lipari v AT Spring, LLC*, 92 AD3d 502, 503 [1st Dept 2012]), is misguided. There plaintiff was using a closed A-frame ladder that was leaning against a wall after requesting a scaffold that happened to be already in use elsewhere. Tellingly the First Department distinguished *Lipari*, as well as the cited cases from a case where plaintiff simply lost his balance and fell from a secured ladder. *Id.* at 504.

As to the submission of plaintiff's affidavit in support of the motion for summary judgment, the Court rejects such submission as it is self-serving (*see Fields v Lambert Houses Redevelopment Corp.*, 105 AD3d 668, 671 [1st Dept 2013]; *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [1st Dept 2000]).

The Court finds that plaintiff has failed to establish entitlement to judgment as a matter of law and has failed to establish that the inadequacy or failure of a safety device was the cause of plaintiff's fall. Accordingly, plaintiff's motion for summary judgment is denied.

### *Defendant's Motion for Summary Judgment*

Defendant/Third-Party Plaintiff L&K Partners, Inc. moves to dismiss all of plaintiff's labor law claims and for common law and contractual indemnification from third-party defendant United States Information Systems, Inc. For the reasons indicated below, defendants' motion is granted in part.

Preliminarily, plaintiff does not oppose the portion of L&K's motion that seeks dismissal of plaintiff's common-law negligence and Labor Law § 200 claims. Accordingly, that portion of the motion is granted without opposition.

Labor Law §241(6)

It is well settled law that for there to be liability pursuant to Labor Law Section 241(6), there must be a violation shown of the Industrial Code. *See e.g., Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993] (§241(6) imposes a non-delegable duty upon owners and general contractors and their agents for violation of the statute).

Plaintiff did not oppose L&K's Motion for Summary Judgment under Labor Law § 241(6) predicated on Industrial Code Section 23-1.8(c). As such, that portion of L&K's motion is granted without opposition. Plaintiff opposes L&K's motion as to Industrial Code Section 23- 1.21(e)(3). Industrial Code Section 23- 1.21(e)(3) reads:

> Stepladder footing. Standing stepladders shall be used only on firm, level footings. When work is being performed from a step of a stepladder 10 feet or more above the footing, such stepladder shall be steadied by a person stationed at the foot of the stepladder or such stepladder shall be secured against sway by mechanical means.

Plaintiff contends that a question of fact exists as to whether the ladder was on stable footing because the ladder fell.

L&K contends, and the Court agrees, that plaintiff's testimony is fatal to this claim. The record is devoid of any evidence, testimony or otherwise, that creates a question as to the stability of the ladder. Accordingly, plaintiff's claims predicated on pursuant to Labor Law § 241(6) are dismissed.

As to the portion of L&K's motion that seeks dismissal of plaintiff's Labor Law claims pursuant to § 240 (1), the Court finds that L&K has established entitlement to dismissal as a matter

of law. As previously stated, the record is devoid of any evidence that the lack or inadequacy of a safety device caused plaintiff's fall, rather plaintiff's own testimony that he lost his balance was the cause of the accident and thus removes this matter from the purview of Labor Law § 240 (1). Accordingly, plaintiff's complaint is dismissed in its entirety.

Third-party Action

L&K seeks summary judgment as to it claims for common law indemnification and contractual indemnification.

As L&K has been successful in its motion to dismiss plaintiff's complaint, the indemnification causes of action are now moot with the exception of the accrued attorneys' fees and expenses. The Court finds that L&K has failed to establish entitlement to judgment as a matter of law. It is undisputed that third-party defendants' insurer AXIS confirmed L&K's additional insured status and agreed to defend and indemnify L&K up to the policy limits. *See* NYSCEF Doc. 158. L&K argues that it is owed indemnification from USIS not its primary insurer, the Court cannot reconcile this argument with the fact that it was offered defense and indemnification. Accordingly, it is hereby

ORDERED that plaintiff's motion, motion sequence 003, is denied; and it is further

ORDERED that defendant/third-party plaintiff's motion for summary judgment, motion sequence 004, is granted in part in that plaintiff's complaint is dismissed in its entirety and otherwise denied; and it is further

ORDERED that the third-party action is severed and continued; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

[* 6]

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20240712173038LFRANK7DAEFAC99ED3480D943D32395BC871CC

**7/12/2024**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |