| |
|---|
| **Jahrmarkt v ULM Holding Corp.** |
| 2024 NY Slip Op 32570(U) |
| July 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160559/2018 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LYLE E. FRANK** | PART **11M** |
| *Justice* | |

-----------------------------------------------------------------------------X

JOHN JAHRMARKT,

              Plaintiff,

      - v -

ULM HOLDING CORPORATION, ULM I HOLDING CORP.,
ULM II HOLDING CORP.,

              Defendant.

-----------------------------------------------------------------------------X

ULM HOLDING CORPORATION, ULM I HOLDING CORP.,
ULM II HOLDING CORP.

              Plaintiff,

        -against-

NOUVEAU ELEVATOR INDUSTRIES, INC.

              Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160559/2018 |
| MOTION DATE | 08/18/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595987/2020

The following e-filed documents, listed by NYSCEF document number (Motion 002) 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 80, 82, 83, 84, 86, 87, 88, 89

were read on this motion to/for         SUMMARY JUDGMENT(AFTER JOINDER    .

      This action arises out of injuries allegedly sustained by plaintiff when he fell from an

extension ladder. Defendants/third-party plaintiffs, ULM Holding Corporation, ULM I Holding

Corp., and ULM II Holding Corp., move for summary judgment to dismiss plaintiff's complaint

as well as any counterclaims. Third-party defendant Nouveau Elevator Industries, Inc. (Nouveau)

cross-moves for summary judgment, seeking dismissal of the third-party complaint. Plaintiff

opposes defendant/third-party plaintiff's motion and cross-moves for partial summary judgment.

For the reasons set forth below, defendant/third-party plaintiff's motion is granted in part, third-

party defendant's motion is granted without opposition and plaintiff's cross-motion is denied.

**160559/2018   JAHRMARKT, JOHN vs. ULM HOLDING CORPORATION**       **Page 1 of 6**
Motion No.  002

1 of 6

## Background

Defendants, own the property located at 1776 Broadway Avenue, the subject premises. Defendants contracted with third-party defendant Nouveau to perform elevator repairs.

On December 22, 2017, the date of the incident, plaintiff was employed by third-party defendant Nouveau. Plaintiff's responsibility that day was replacement of one the elevator's governor-rope-cables. Plaintiff fell from the ladder while performing that replacement. There is no allegation, testimony or any admissible evidence submitted regarding any defects with the ladder.

## Summary Judgment Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

### *Third-Party Defendant's Cross-Motion for Summary Judgment*

Third-party defendant's, plaintiff's employer, motion for summary judgment is granted without opposition. Plaintiff concedes that there is no grave injury and third-party plaintiffs concede there is no contract to invoke contractual indemnification. Accordingly, the third-party complaint is dismissed in its entirety.

160559/2018   JAHRMARKT, JOHN vs. ULM HOLDING CORPORATION          Page 2 of 6
Motion No.  002

2 of 6

[* 2]

### *Defendants' Motion for Summary Judgment*

Defendants/third-party plaintiffs move to dismiss all of plaintiff's Labor Law claims. For the reasons indicated below, defendants' motion is granted in part.

Labor Law §241(6)

It is well settled law that for there to be liability pursuant to Labor Law Section 241(6), there must be a violation shown of the Industrial Code. *See e.g., Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993] (§241(6) imposes a non-delegable duty upon owners and general contractors and their agents for violation of the statute).

Preliminarily, plaintiff does not cite to any specific Industrial Code sections allegedly violated to support a finding of liability pursuant to Labor Law § 241(6), this is fatal to its claim. Plaintiff's opposition to the motion does not adequately address this argument nor does it identify any specific provisions of the Industrial Code. Accordingly, that portion of the defendants/third-party plaintiffs' motion is granted.

Labor Law § 200

It is well-settled law that an owner or general contractor or its agents will not be found liable under common law or Labor Law § 200 where it has no notice of any dangerous condition which may have caused the plaintiff's injuries, nor the ability to control the activity which caused the dangerous condition. *See Russin v Picciano & Son*, 54 NY2d 311[1981]; *see also Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002].

Defendants/third-party plaintiffs contend that they did not control, direct, or supervise the work to such an extent that it is appropriate to impute liability upon them. The Court finds that the record supports defendants' contention that they exercised no direct authority to control or

**160559/2018   JAHRMARKT, JOHN vs. ULM HOLDING CORPORATION**
  **Motion No.  002**

**Page 3 of 6**

3 of 6

[* 3]

supervise plaintiff's work. Plaintiff submits that Labor Law § 200 was violated because defendants were required to furnish plaintiff with the safety devices necessary and had a duty to supervise plaintiff's work. These contentions are not supported by the law or the facts of this case. Moreover, there are no allegations of a defective condition at the premises; therefore, plaintiff's claims pursuant to Labor Law § 200 are dismissed.

Labor Law § 240 (1)

Labor Law § 240 (1) provides in pertinent part that

> "[a]ll contractors and owners and their agents, […] who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

It is well established law that an accident alone does not establish a Labor Law § 240 (1) violation or causation. (*Blake v Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 NY3d 280 [2003]; *Rudnik v Brogor Realty Corp.*, 45 AD3d 828 [2d Dept 2007]; *Forschner v Jucca Co.*, 63 AD3d 996 [2d Dept 2009]). Rather, the protections afforded by this section are invoked only where plaintiff demonstrates that he was engaged in an elevation-related activity and the failure to provide him with a safety device was the proximate cause of his injuries. *See* id.

Defendants/third-party plaintiffs move to dismiss this cause of action while plaintiff opposes and moves separately for summary judgment as to this claim. For the reasons set forth below, both motions for summary judgment as to this claim are denied.

In support of its motion, plaintiff contends that his fall off of the ladder automatically brings this accident within the purview of Labor Law §240(1), because the ladder did not prevent his fall.

160559/2018   JAHRMARKT, JOHN vs. ULM HOLDING CORPORATION
Motion No.  002

Page 4 of 6

[* 4]

Defendants contend that there was no defect with the ladder and that plaintiff's failure to secure the ladder and his choice of the ladder as a safety device is the sole cause of the accident.

Plaintiff testified that he was climbing on the ladder and "the tension sheave rack shifted and pulled my arm down and […] my whole body down with it". Further, the plaintiff also testified that he inspected the ladder and there were no defects. The Court finds that there is a question of fact as to what caused the accident, and thus whether the fall is within the purview of Labor Law §240(1), specifically whether the ladder was an adequate safety device for the work being performed.

The Court finds that plaintiff has failed to establish entitlement to judgment as a matter of law and has failed to establish that the inadequacy or failure of a safety device was the cause of plaintiff's fall. Accordingly, plaintiff's motion for summary judgment is denied. Further, the Court finds that defendant has failed to establish that the subject accident does not fall within the purview of the Labor Law § 240(1). Accordingly, it is hereby

ADJUDGED that plaintiff's cross motion is denied; and it is further

ORDERED that defendant/third-party plaintiff's motion for summary judgment, is granted in part in that plaintiff's claims pursuant to Labor Law Sections 200 and 241 (6) are dismissed and otherwise denied; and it is further

ORDERED that the third-party action is dismissed; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the third-party defendant shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

160559/2018  JAHRMARKT, JOHN vs. ULM HOLDING CORPORATION        Page 5 of 6
Motion No. 002

5 of 6

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20240726090545LFRANK23DA671B164549AEA699D83F74618F57

**7/26/2024**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

160559/2018   JAHRMARKT, JOHN vs. ULM HOLDING CORPORATION
Motion No.  002

Page 6 of 6

[* 6]