| |
|---|
| **Zometa v YJL Broadway Hotel LLC** |
| 2025 NY Slip Op 31805(U) |
| May 16, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160543/2018 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**                    PART                    11M

*Justice*

-------------------------------------------------------------------------------X

MIGUEL ZOMETA,

                                    Plaintiff,

- v -

YJL BROADWAY HOTEL LLC, FLINTLOCK
CONSTRUCTION SERVICES, LLC

                                    Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160543/2018 |
| MOTION DATE | 12/20/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 84, 85, 86, 87, 88, 91

were read on this motion to/for _____ PARTIAL SUMMARY JUDGMENT _____ .

This action arises out of injuries allegedly sustained by plaintiff while working at a construction site. Plaintiff now moves for partial summary judgment on its Labor Law §240 (1) claims as against defendants YJL Broadway Hotel, LLC, Flintlock Construction Services, LLC and LG Broadway Management, Inc. Defendants oppose the motion. For the reasons set forth below, plaintiff's motion for partial summary judgment is granted.

## *Background*

Defendants LG Broadway Management and YJL Broadway Hotel, ("owners") owned the premises located it at 1227 Broadway in New York, New York. The owners retained Flintlock Construction, as the general contractor for the project, to construct . Defendant Flintlock Construction Services contracted with non-party BMNY Contracting Corp. for the rebar work at the subject premises. Plaintiff was employed by BMNY.

On July 7, 2018, while working at the subject premises, plaintiff alleges he was caused to slip and fall while carrying an 18-foot piece of rebar. Specifically, plaintiff alleges while lifting

**160543/2018 Motion No. 004**                                    **Page 1 of 4**

[* 1]

the rebar, he felt it hit something above him, and that caused him to lose his balance, and ultimately fall with the rebar on top of him.

## Summary Judgment Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

## Discussion

*Labor Law §240(1)*

Labor Law §240(1) states in pertinent part as follows:

> "All contractors and owners and their agents … in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The statute imposes absolute liability upon owners, contractors and their agents where a breach of the statutory duty proximately causes an injury. *Gordon v. Eastern Railway Supply, Inc.*, 82 NY2d 555, 559 [1993]; *Ross v. Curtis–Palmer Hydro–Elec. Co.,* 81 NY2d 494, 500 [1993]; *Rocovich v. Consolidated Edison Co.*, 78 NY2d 509, 513 [1991].

It is well established law that an accident alone does not establish a Labor Law § 240 (1) violation or causation. (*Blake v Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 NY3d 280 [2003]; *Rudnik v Brogor Realty Corp*., 45 AD3d 828 [2d Dept 2007]; *Forschner v Jucca Co.*, 63 AD3d 996 [2d Dept 2009]. Rather, the protections afforded by this section are invoked only where plaintiff demonstrates that he was engaged in an elevation-related activity and the failure to provide him with a safety device was the proximate cause of his injuries. *See id.*

To prevail on summary judgment in a falling object case under the scaffold law, "the injured worker must demonstrate the existence of a hazard contemplated under that statute and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" *Fabrizi v 1095 Ave. of Americas, L.L.C.*, 22 NY3d 658, 662 [2014].

In support of its motion, plaintiff contends that defendants are subject to Labor Law § 240 (1) liability based on the failure to provide plaintiff any safety device for his assigned task, moving rebar. Defendants, in opposition, contend that plaintiff was the sole proximate cause of his accident because he undertook moving the rebar on his own, rather than with the assistance of co-workers, as allegedly instructed. In reply, plaintiff cites the First Department, to invalidate defendants' position that plaintiff moving the rebar without the assistance of his co-workers takes this matter out of the ambit of Labor Law § 240(1), (*see Iuculano v City of NY*, 214 AD3d 535, 536 [1st Dept 2023]).

The Court finds that plaintiff has established that his injuries were sustained because of a lack of a safety device as enumerated in the statute. Contrary to defendants' assertions, plaintiff was not required to present expert testimony to establish his claim. It is undisputed that plaintiff was moving 18-foot pieces of rebar, weighing approximately 150 pounds. Although defendants

**160543/2018 Motion No. 004**                                                    **Page 3 of 4**

[* 3]

contend that the instant matter is distinguishable from the plethora of cases where a plaintiff is struck by a falling object, that is not correct.

Here, the rebar was in the process of being hoisted, albeit manually, and the failure to have any safety devices, to secure the rebar caused plaintiff's accident. As stated above, the First Department has rejected defendants' arguments and reliance on witness testimony, that the rebar work being done by plaintiff is normally done by multiple employees, this does not create a question of fact, nor does it establish that plaintiff was the sole proximate cause of the accident. Accordingly, it is hereby

ADJUDGED that plaintiff's motion for partial summary judgment is granted.

20250519092710LFRANKDE6DC436B88A440EAA451AB0AAB26207

| 5/16/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]