| |
|---|
| **Torres v 120 Broadway, LLC** |
| 2025 NY Slip Op 31782(U) |
| May 16, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159374/2018 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

PRESENT:     HON. LYLE E. FRANK                    PART                    11M

_Justice_

-----------------------------------------------------------------------------X

RAFAEL TORRES, MARTA CECILIA BENITEZ
JARAMILLO,

                                        Plaintiff,

                        - v -

120 BROADWAY, LLC,JRM CONSTRUCTION
MANAGEMENT LLC,120 BROADWAY HOLDINGS,
LLC,RITE-WAY INTERNAL REMOVAL, INC.,

                                        Defendant.

-----------------------------------------------------------------------------X

JRM CONSTRUCTION MANAGEMENT LLC

                                        Plaintiff,

                        -against-

RITE-WAY INTERNAL REMOVAL INC.

                                        Defendant.

-----------------------------------------------------------------------------X

120 BROADWAY, LLC, 120 BROADWAY HOLDINGS, LLC

                                        Plaintiff,

                        -against-

ETS CONTRACTING INC.

                                        Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159374/2018 |
| MOTION DATE | 09/20/2024 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595244/2020

Second Third-Party
Index No.  595380/2024

The following e-filed documents, listed by NYSCEF document number (Motion 007) 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 283, 289, 295, 303, 310, 342, 349, 355, 368, 369, 370, 371, 391, 392, 413, 414, 415, 421, 422, 437, 444, 451, 452

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

This action arises out of injuries sustained by plaintiffs while performing asbestos

abatement work.  Plaintiffs, Rafael Torres and Marta Cecilia Benitez Jaramillo, now move for

[* 1]

partial summary judgment on its Labor Law §240 (1) claims as against defendants 120 Broadway, LLC, 120 Broadway Holdings, LLC, ("120 Broadway") JRM Construction Management, INC., and JRM Construction Management, LLC ("JRM"). Defendants, 120 Broadway, JRM and Rite-Way Internal Removal ("Rite-Way") oppose the instant motion. For the reasons set forth below, plaintiffs' partial motion for summary judgment is denied.

## *Background*

120 Broadway, owner of the premises, hired JRM as the construction manager and hired Rite-Way to perform pre-abatement demolition at the construction site.

Plaintiff Rafael Torres was employed by ETS Contracting Inc. ("ETS") as a laborer working at a project located at 120 Broadway, New York, New York. On July 31, 2018, plaintiff and two co-workers were part of an asbestos abatement team at the subject location. The day of the accident, plaintiffs were on the 40th floor, in the process of disassembling their decontamination tent and plastic foils that were connected to surrounding walls and ceiling when the ceiling collapsed onto them. It is undisputed that the ceiling was a permanent structure, and that demolition work was not being done at the time, and in fact had already been completed.

## *Summary Judgment Standard*

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion

for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

## Applicable Law

*Labor Law §240(1)*

Labor Law §240(1) states in pertinent part as follows:

> "All contractors and owners and their agents … in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The statute imposes absolute liability upon owners, contractors and their agents where a breach of the statutory duty proximately causes an injury. *Gordon v. Eastern Railway Supply, Inc*., 82 NY2d 555, 559 [1993]; *Ross v. Curtis–Palmer Hydro–Elec. Co.,* 81 NY2d 494, 500 [1993]; *Rocovich v. Consolidated Edison Co*., 78 NY2d 509, 513 [1991].

It is well established law that an accident alone does not establish a Labor Law § 240 (1) violation or causation. (*Blake v Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 NY3d 280 [2003]; *Rudnik v Brogor Realty Corp*., 45 AD3d 828 [2d Dept 2007]; *Forschner v Jucca Co.*, 63 AD3d 996 [2d Dept 2009]. Rather, the protections afforded by this section are invoked only where plaintiff demonstrates that he was engaged in an elevation-related activity and the failure to provide him with a safety device was the proximate cause of his injuries. *See* id.

## Discussion

Plaintiffs allege that the ceiling collapsed because of the absence of necessary safety devices to secure the area for the plaintiffs' work. Plaintiff contends that the ceiling fell as a

result of the failure of defendants to provide any support for the ceiling combined with the demolishing of the walls on the side of the ceiling by, Rite-Way.

In opposition to plaintiffs motion defendant 120 Broadway, contends that to prevail on a Labor Law § 240 (1) claim based on an injury resulting from the failure of a completed and permanent building structure (in this case, the collapse of a ceiling), a plaintiff must show that the failure of the structure in question was a foreseeable risk of the task he was performing, creating a need for protective devices of the kind enumerated in the statute. *Clemente v 205 W. 103 Owners Corp.*, 180 AD3d 516, 517 [1st Dept 2020].

In reply plaintiff asserts that *Mannino v Waldorf Exteriors, LLC*, 235 AD3d 470, 470 [1st Dept 2025], stands for the proposition that a plaintiff need not be involved in the demolition for a collapse of a permanent structure to be foreseeable. *Mannino* involved injuries to a plaintiff while going up on a scissor lift, to perform his task of chipping cement encasements, when "he was struck by a 200-to-300-pound piece of cement that fell[,,,]" *id* at 471. It is unclear the parallel plaintiffs seek to draw from *Mannino*, as it distinguishable from the instant action.

In support of their position that they are entitled for summary judgment, plaintiffs contend that "several recent decisions from the First Department have consistently confirmed that the failure to brace a permanent structure that collapses violates Labor Law 240(1)", however plaintiffs have not cited one First Department case to support that proposition.

The Court finds that the cases cited by plaintiffs are distinguishable, as the plaintiffs in those actions were performing demolition work at the time of their accidents, here it is undisputed that the demolition work had been completed prior to plaintiff's asbestos abatement work. Further, as to the cases cited by plaintiffs to establish foreseeability, those cases are

similarly distinguishable from the instant action, and involved injuries to plaintiffs from unsecured items, not permanent structures.

Here, the Court finds that plaintiffs have failed to establish a prima facie entitlement to summary judgment as a matter of law on its Labor Law § 240(1) claim. It is undisputed that the demolition was completed approximately 2 weeks before plaintiffs began their abatement work and plaintiff was not engaged in demolition work. Plaintiffs have not established that the collapse of a permanent ceiling was a foreseeable occurrence. Accordingly, it is hereby

ADJUDGED that plaintiffs', Rafael Torres and Marta Cecilia Benitez Jaramillo, motion for partial summary judgment is denied.

20250516105858LFRANKCB663327E5A4C10AACB709051A76F20

_____
**5/16/2025**
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |